UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MURO,<br><br>                       Petitioner,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>                      Respondents. | Case No.: 22-cv-00550-LL-JLB<br><br>**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 4]** |

      This Report and Recommendation is submitted to the Honorable Linda Lopez, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d). On April 20, 2022, Antonio Muro ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus before this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On June 10, 2022, Petitioner filed the instant Motion for Stay and Abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 4.) On July 27, 2022, Connie Gipson and California Attorney General Rob Bonta ("Respondents") filed an opposition. (*See* ECF Nos. 9; 10.) On August 17, 2022, Petitioner filed a reply acknowledging that his claims have now been exhausted and he is no longer seeking a stay and abeyance. (ECF No. 12.) Having reviewed the entirety of the parties' submissions

and for the reasons set forth herein, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance be **DENIED** as moot.

## I. BACKGROUND

On June 21, 2019, a San Diego County Superior Court jury convicted Petitioner of first-degree murder (Cal. Pen. Code § 187(a)) and found true two sentencing enhancements (Cal. Pen. Code §§ 667.5(b); 12022(b)(1)). (ECF No. 1 at 1–2.) Petitioner was sentenced to 26 years to life in prison. (*Id.* at 1.) On April 20, 2022, Petitioner filed a federal habeas corpus petition before this Court challenging his conviction on two grounds: (1) ineffective assistance of counsel,[1] and (2) violation of his rights to a fair trial and due process "based on Petitioner not being allowed to be present at every material stage of trial, over his objection." (*Id.* at 6–7.) This Court dismissed the petition without prejudice for failure to satisfy the filing fee requirement and for failure to allege exhaustion of state judicial remedies as to Ground Two, the claim that he had not been present for all material stages of the trial. (ECF No. 2.) In addition, having preliminarily determined his petition contained both an exhausted and an unexhausted claim, the Court notified Petitioner of four options: demonstrate exhaustion, voluntarily dismiss his petition, formally abandon his unexhausted claim, or file a motion to stay. (*Id.* at 3–5.)

On March 21, 2022, Petitioner filed a state habeas corpus petition in the California Supreme Court. (*See* ECF No. 11-1.) Petitioner alleged his Sixth and Fourteenth Amendment rights were violated because "trial counsel illegally held agreements on finalizing jury instructions outside [his] and [the] court reporter's presence over [his] complaint." (*Id.* at 3.) The California Supreme Court denied the petition on July 20, 2022. (ECF No. 11-2 at 1.)

On June 10, 2022, Petitioner filed a Motion for Stay and Abeyance (the "Motion") to completely exhaust his state court remedies. (ECF No. 4.) On June 24, 2022, Petitioner

---

[1] Ground One was raised in a petition for review filed in the California Supreme Court, which was denied on December 30, 2020. (*See* ECF No. 1 at 2, 6.)

filed a supplement to his Motion.  (ECF No. 5.)  On June 27, 2022, the Court reopened Petitioner's case after he paid the $5.00 filing fee.  (*See* ECF No. 6.)  On July 27, 2022, Respondents filed a "Statement of Non-Opposition to a Stay Because None is Needed," which the Court construed as an opposition to Petitioner's Motion.  (ECF Nos. 9; 10.)  On July 29, 2022, Respondents filed a supplement to their opposition.  (ECF No. 11.)  On August 17, 2022, Petitioner filed a reply.  (ECF No. 12.)  This matter is now ripe for this Court's review and recommendation.

## II.     STANDARD OF REVIEW

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement must first exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).  Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims).  The filing of a mixed petition renders it subject to dismissal.  *Rose*, 455 U.S. at 519.

In *Rhines*, the Supreme Court carved out "limited circumstances" in which a district court may exercise its discretion to stay a mixed petition and hold it in abeyance to allow the petitioner time to fully exhaust his claims in state court.  *Rhines*, at 544 U.S. 277; *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).  Under *Rhines*, a district court may stay and hold in abeyance a "mixed" habeas petition if: (1) the petitioner has good cause for failing to exhaust all claims; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  *Id*. at 277–78.  In the Ninth Circuit, the district court also has discretion to stay and hold in abeyance *fully*

unexhausted petitions. *Mena v. Long*, 813 F.3d 907, 911–12 (9th Cir. 2016) (finding the distinctions between mixed petitions and fully unexhausted petitions not sufficiently meaningful to warrant different treatment).

### III. DISCUSSION

The threshold issue is whether there are any state remedies available to Petitioner that would justify staying the case for exhaustion purposes. Proper exhaustion of state remedies requires a litigant to present every federal claim or issue in his petition to the California Supreme Court to ensure the court has a fair opportunity to rule on the merits. *Granberry*, 481 U.S. at 133–34. A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994), cert. denied, 513 U.S. 947 (1994), *overruled on other grounds in Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Here, Petitioner has now exhausted his available state remedies. On March 21, 2022, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, alleging that his attorney and the trial court "held agreements on finalizing jury instructions" out of his presence in violation of the Sixth and Fourteenth Amendments. (ECF No. 11-1 at 3.) Petitioner's state claim is essentially identical to Ground Two set forth in the instant Petition. (ECF No. 1 at 7.) After Petitioner filed the instant Motion, the California Supreme Court denied his state court petition on July 20, 2022, a decision which rendered Petitioner's claim exhausted at the state court level. (ECF No. 11-2 at 1.) Accordingly, the Court finds Petitioner has now satisfied the exhaustion requirement with respect to both claims presented in the instant petition.[2] For this reason, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED** as moot.

///

---

[2] Because Petitioner no longer has a "mixed" habeas petition, it is unnecessary for the Court to engage in a *Rhines* analysis.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance (ECF No. 4) be **DENIED** as moot.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation shall be filed with the Court and served on all parties **no later than September 9, 2022**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than September 19, 2022**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir 1991).

**IT IS SO ORDERED.**

Dated: August 19, 2022

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge