UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MURO,<br><br>                            Petitioner,<br>v.<br>CONNIE GIPSON, Warden; et al.,<br><br>                           Respondents. | Case No.: 22cv550-LL-LR<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATON**<br>[ECF No. 28]<br><br>**(2) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>[ECF No. 1]<br><br>**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

      On April 20, 2022, Antonio Muro ("Petitioner"), a California state prisoner proceeding pro se, initiated this matter by filing a First Amended Petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner asserts claims of ineffective assistance of counsel due to counsel's failure to argue for jury instruction on provocation, and violation of due process rights when the court and counsel finalized jury

1  instructions in Petitioner's absence. *Id.* Respondents filed an Answer to the Petition [ECF
2  No. 21] and Petitioner filed a Traverse [ECF No. 27].

3  On November 15, 2024, United States Magistrate Judge Lupe Rodriguez, Jr. issued
4  a Report and Recommendation ("Report") recommending that this Court deny the Petition.
5  ECF No. 28.

6  Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth the district
7  court's duties in connection with a magistrate judge's report and recommendation. The
8  district court judge must "make a de novo determination of those portions of the report to
9  which objection is made," and "may accept, reject, or modify, in whole or in part, the
10 findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see
11 also United States. v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*,
12 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of a timely objection, the Court
13 "need only satisfy itself that there is no clear error on the face of the record in order to
14 accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing
15 *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206) (9th Cir. 1974)); *see also United States
16 v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review
17 the magistrate judge's findings and recommendations de novo if objection is made, but not
18 otherwise.").

19 Petitioner was originally granted twenty-eight days to file objections to the Report.
20 ECF No. 28. The Court granted in part Petitioner's request for additional time, allowing an
21 additional twenty-one days. ECF No. 30. The Court denied Petitioner's second request for
22 additional time but stated it would consider any objections filed by January 21, 2025. ECF
23 No. 32. No party filed an objection to the Report and the time for doing so has expired.
24 Having reviewed the Report, the Court finds it is thorough, well-reasoned, and contains no
25 clear errors. Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety.

26 **CERTIFICATE OF APPEALABILITY**

27 A certificate of appealability must be obtained by a petitioner in order to pursue an
28 appeal from a final order in a § 2254 habeas corpus proceeding. *See* 28 U.S.C.

§ 2253(c)(1)(A); Fed. R. App. P. 22(b). The Rules Following 28 U.S.C. § 2254 require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability will issue "only if" the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the Report and Recommendation and incorporated here, the Court finds this standard has not been met, and therefore a certificate of appealability is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** the Petition. The Court **DECLINES** to issue a certificate of appealability and **DIRECTS** the Clerk of Court to enter judgment and terminate this matter.

**IT IS SO ORDERED**.

Dated: April 11, 2025

_____
Honorable Linda Lopez
United States District Judge